Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
65 West Ramapo Road
Garnerville, New York 10923
845-354-3212 (w)
845-354-3213 (f)
rvd@decapriolaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
OWEN HARTY, Individually,            Case No. 7:17-cv-09481 (NSR)

               Plaintiff,

- against -                          **Answer**

LURIA CORP., A New York Corporation,

               Defendants.
-------------------------------------------------------x

    Defendant Luria Corp., A New York Corporation ("Defendant" or Luria"), by its attorney, Ronald V. De Caprio, Esq., as and for their answer to the complaint of Plaintiff Owen Harty ("Plaintiff" or "Harty"), responds as follows:

    Paragraph 1 - Deny knowledge or information sufficient to form a belief about the truth or falsity of all of the allegations set forth therein.

    Paragraph 2 - Admits fee simple ownership of real property referred to in Paragraph 2, but otherwise denies the description of the real property as being wholly accurate.

    Paragraph 3 - Admit that venue is proper.

    Paragraph 4 - Admit the United States District Court, Southern District of New York possesses subject matter jurisdiction over cases alleging violations of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq., and affirmatively states that

Defendant is fully compliant with the ADA, and otherwise denies the allegations and legal conclusions of Paragraph 4.

Paragraph 5 - Submits that no response is warranted to Paragraph 5, however to the extent a response is required, each and every response previously made is repeated.

Paragraph 6 – Denies Plaintiff has encountered architectural barriers at the subject property which discriminate against Plaintiff, endanger Plaintiff's safety or otherwise prevent the Plaintiff from returning to the property to enjoy goods and services available to the public. Denies the allegations made therein to the extent the allegations contain or call for legal conclusions and otherwise denies knowledge or information sufficient to form a belief about the truth or falsity of all of the remaining allegations made therein.

Paragraph 7 – Denies the allegations made therein.

Paragraph 8 – Denies knowledge or information sufficient to form a belief as to the legal conclusions contained in this paragraph and submit that no response is required to the extent this paragraph contains or calls for legal conclusions.  The facility leases commercial space to numerous business entities.

Paragraph 9 – Deny the allegations made therein.

Paragraph 10 – Denies the allegations set forth in Paragraph 10 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 11 – Denies the allegations set forth in Paragraph 11 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 12 – Denies the allegations set forth in Paragraph 12 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 13 – Denies the allegations set forth in Paragraph 13 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 14 – Denies the allegations set forth in Paragraph 14 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 15 – Denies the allegations set forth in Paragraph 15 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 16 – Denies the allegations set forth in Paragraph 16 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 17 – Denies the allegations set forth in Paragraph 17 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 18 - Submits that no response is warranted to Paragraph 18, however to the extent a response is required, each and every response previously made is repeated.

Paragraph 19 – Denies the allegations set forth in Paragraph 19 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 20 – Denies the allegations set forth in Paragraph 20 and submits that no response is required to the extent this paragraph contains or calls for legal conclusions.

Paragraph 21 – Denies the allegations set forth in Paragraph 21 because the allegations set forth in Paragraph 21 call for a legal conclusion.

Paragraph 22 – Denies the allegations set forth in Paragraph 22.

Paragraph 23 - Denies the allegations set forth in Paragraph 23.

Paragraph 24 – Denies the allegations set forth in Paragraph 24.

## FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff lacks standing to bring this action.

Upon information and belief, Plaintiff is not a bona fide visitor of the property of which he is complaining. A research of the PACER website discloses that Plaintiff, who is a resident of Florida, USA, alleges to have visited numerous properties located on Route 9w, in Haverstraw, New York and W. Haverstraw, New York. Upon information and belief, this was not done for any genuine purpose, but solely for the purpose of bringing actions against the property owners.

Further. Prior to the commencement of this action, Plaintiff did not notify Defendants of any architectural barriers or in any way attempt to secure remedial measures from the Defendants for alleged architectural barriers by voluntary compliance. Rather, Plaintiff commenced this action, and as the PACER website discloses, numerous other actions, against the property owners located on Route 9w in Haverstraw, New York and W. Haverstraw, New York, in order to coerce Defendants in this action, and probably in other actions, too, into offering quick monetary settlements.

Upon information and belief, Plaintiff's allegation that Plaintiff intends to visit Defendants' property in the future is speculative and inadequate to state a claim for a future injury. There are numerous litigations commenced in the United States District Court, Southern District of New York, against property owners in Rockland County, New York, by this very same Plaintiff, in October 2017, November 2017 and December 2017, making similar allegations.

Moreover, Plaintiff does not appear to have suffered any actual injury-in-fact.

Upon information and belief, this is simply a trumped up complaint made for economic reason and not because of any violation of the ADA or the NYSHRA.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the property was built before the existence of the ADA and the removal of alleged architectural barriers, if any, either by physical means or alternative methods is not readily achievable.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has failed to name the tenants who are responsible for the maintenance and preservation of their leasehold locations as defendants in this action to the extent any unspecified claims made relate and pertain to the possession of those leaseholds by those tenants and the maintenance and preservation of those spaces is not within the purview of Defendants. To that extent, Defendants are entitled to indemnification from the tenants.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the pleading does not comply with F.R.Civ.P. 9(f).

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Defendant is subject to the ADA, the Complaint should be dismissed because Defendant is in compliance with the ADA.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the Defendants is subject to the NYSHRA, the Complaint should be dismissed because Defendant is in compliance with the NYSHRA.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant is subject to the ADA, the Complaint should be dismissed because Plaintiff failed to mitigate damages, and failed to meet conditions precedent to the filing of this action, by failing to provide Defendants with notice of deficiencies and an opportunity to cure those deficiencies.

## NINTH AFFIRMATIVE DEFENSE

To the extent Defendant is subject to the ADA and may legally be responsible under the ADA for alleged ADA violations, the Complaint should be dismissed because the requests of Plaintiff are not readily achievable, not reasonable, not required and/or technically not feasible, are subject to the fundamental alteration defense of the ADA, and would create an undue burden on Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses and affirmative defenses and to amend its pleading as further information is revealed during the discovery process.

## COUNTERCLAIM

Pursuant to 42 U.S.C. §12205, if Defendant prevails in this action, then Defendant is entitled to recover its reasonable attorneys fees and costs from Plaintiff.

## DEMAND FOR A JURY TRIAL

A trial by jury is demanded on all issues so triable pursuant to F.R.Civ.P. 38(b).

## CONCLUSION

WHEREFORE, Defendant Luria Corp. requests the entry of an order:

a. dismissing the complaint in its entirety; and

b. awarding fees, costs and disbursements to the Defendants

c. together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: Garnerville, New York
September 13, 2018

Yours,

By: 
Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
rvd@decapriolaw.com
Attorney for Defendant

## CERTIFICATION OF SERVICE

I hereby certify, pursuant to F.R.Civ.P. 5(b) and Local Civil Rule 5.2, that I caused a true and correct copy of the within Answer to be served upon the parties and or their agents, listed below, on September 13, 2018.

Dated:   Garnerville, New York
         September 13, 2018

                                Yours, etc.


                                _____
                                Ronald V. De Caprio, Esq.
                                Law Office of Ronald V. De Caprio
                                rvd@decapriolaw.com
                                Attorney for Defendant


To:   Peter Sverd, Esq.
        Of Counsel to Thomas B. Bacon, P.A.
      225 Broadway, Suite 613
      New York, New York 10007
      646-751-8743 (w)
      212-964-9516 (fax)
      Attorney for Plaintiff

END OF DOCUMENT

8